IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NORMAN KATZ AND ROSEANN MANNING (FORMERLY KATZ) TOGETHER (KATZ),<br><br>           Plaintiffs,<br><br>    vs.<br><br>AMERICAN EXPRESS COMPANY, EXPERIAN CORP., EQUIFAX, INC., and TRANS UNION CORP.<br><br>           Defendants.<br>_____ | CIV. NO. 14-00084 JMS-RLP<br><br>ORDER (1) GRANTING EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION TO DISMISS AMENDED COMPLAINT (FILED MARCH 19, 2014), DOC. NO. 9; AND (2) GRANTING TRANS UNION LLC'S SUBSTANTIVE JOINDER, DOC. NO. 21 |

**ORDER (1) GRANTING EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION TO DISMISS AMENDED COMPLAINT (FILED MARCH 19, 2014), DOC. NO. 9; AND (2) GRANTING TRANS UNION LLC'S SUBSTANTIVE JOINDER, DOC. NO. 21**

**I. INTRODUCTION**

Plaintiffs Norman Katz and Roseann Manning (collectively "Plaintiffs") allege that American Express Company ("AMEX"), Experian Corp. ("Experian"), Equifax, Inc. ("Equifax"), and Trans Union Corp. ("Trans Union") (collectively "Defendants") violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et. seq., when they failed to correct Plaintiffs'

individual credit reports to indicate the timely payments Plaintiffs made on their corporate AMEX credit card.

Currently before the court is Experian's Motion to Dismiss Plaintiffs' Amended Complaint, which Trans Union substantively joins, Doc. Nos. 9 and 21. Experian and Trans Union argue that the Amended Complaint includes only vague references to the credit reporting agency Defendants (collectively "CRA Defendants") and therefore fails to allege a plausible claim for relief against them. Based on the following, the court GRANTS Experian's Motion to Dismiss and Trans Union's Substantive Joinder, with leave for Plaintiffs to amend.

## II. BACKGROUND

**A. Factual Background**

As alleged in the Amended Complaint, in 1994 Plaintiffs obtained a corporate credit card through AMEX for their business, Second Equity Concepts, Ltd. ("SECL"). Doc. No. 7, Am. Compl. at 2. From 1994 through 2010, Plaintiffs made almost all of their personal purchases on this credit card, and timely made payments using their personal joint checking account. *Id.* at 3.

In 2010, Plaintiffs applied for a mortgage and discovered that their credit bureau reports did not reflect any of their timely AMEX credit card payments. *Id.* AMEX never advised Plaintiffs that their personal payments on

2

their corporate credit card would not be counted as a positive credit on their personal credit reports. *Id.* In addition to the credit reports not reflecting the timely credit card payments, AMEX reported to unspecified CRA Defendants that Roseann Katz owed a debt of $6,441.25 to AMEX as a personal liability. *Id.* at 4. AMEX refused to correct Plaintiffs' credit reports despite Norman Katz's requests. *Id.* at 3-4.

As to CRA Defendants, the Amended Complaint alleges that: 1) AMEX's counsel informed Plaintiffs that CRA Defendants have a "policy of not retroactively correcting the credit record of a creditor even if requested to do so by the reporting creditor," and 2) CRA Defendants "failed to respond to certified mail return receipt requested correspondence regarding the subject matter of this complaint." *Id.* at 1-2.

Plaintiffs assert that as a result of Defendants' actions (1) they suffered a credit score that is "much lower than it otherwise would have been had [AMEX] reported personal payments on the SECL credit card properly;" (2) Roseann Katz is unable to buy a new "automobile even though she otherwise would qualify with the Hawaii State Credit Union;" and (3) Roseann Katz must pay $200 more per month to buy a new car. *Id.* at 4. Plaintiffs assert that Defendants' actions violate and FCRA, and seek monetary damages and restitution

3

in the form of corrected credit reports that reflect the timely made credit card payments. *Id.* at 8.

**B.     Procedural Background**

Plaintiffs filed this action against AMEX on February 19, 2014, Doc. No. 1, and filed an Amended Complaint adding CRA Defendants on March 19, 2014. Doc. No. 7. Experian filed a Motion to Dismiss on April 23, 2014, Doc. No. 9, and Trans Union filed a Substantive Joinder on April 30, 2014. Doc. No. 21. Plaintiffs filed an Opposition on May 20, 2014, Doc. No. 33, and Experian filed a Reply on May 27, 2014. Doc. No. 43. A hearing was held on June 16, 2014.

### III.  STANDARD OF REVIEW

Plaintiff is proceeding *pro se*; consequently, the court liberally construes his pleadings. *See Eldridge v. Block,* 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam))). The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.

1995); *see also Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). The court should not, however, advise a litigant how to cure defects. This type of advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004).

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss a claim for "failure to state a claim upon which relief can be granted[.]"

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet -- that the court must accept as true all of the allegations contained in the complaint -- "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.").

Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). In other words, "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8. *Iqbal*, 556 U.S. at 679.

## IV. <u>ANALYSIS</u>

The only allegations in the Amended Complaint as to CRA Defendants are that (1) AMEX's counsel informed Plaintiffs that CRA Defendants have a "policy of not retroactively correcting the credit record of a creditor even if requested to do so by the reporting creditor," and (2) CRA Defendants "failed to respond to certified mail return receipt requested correspondence regarding the subject matter of this complaint." Doc. No. 7, Am. Compl. at 1-2. CRA Defendants argue that these allegations, apparently directed to asserting a FCRA violation, fail to state a plausible claim upon which relief can be granted. The court agrees.

Plaintiffs' amended complaint cites 15 U.S.C. § 1681 generally, and construing the amended complaint liberally, the court assumes Plaintiffs are claiming a violation of 15 U.S.C. § 1681i(a)(1)(A), which provides in relevant part:

> [I]f the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance . . . before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.
>
> A § 1681i(a)(1)(A) claim include the following elements:
>
> (i) the plaintiff's credit report contains inaccurate or incomplete information; (ii) the plaintiff notified the consumer reporting agency directly of the inaccurate or incomplete information; (iii) the plaintiff's dispute is not frivolous or irrelevant; (iv) the consumer reporting agency failed to respond to the plaintiff's dispute; (v) the failure to reinvestigate caused the consumer to suffer damages; and (vi) actual damages resulted to the plaintiff. Actual damages may include damages for humiliation, mental distress, and injury to reputation and creditworthiness, even if the plaintiff has suffered no out-of-pocket losses.

7

*Thomas v. Trans Union, LLC*, 197 F. Supp. 2d 1233, 1236 (D. Or. 2002); *see also Darrin v. Bank of Am., N.A.*, 2014 WL 1922819, at *7 (E.D. Cal. May 14, 2014); *Baker v. Trans Union LLC*, 2008 WL 4838714, at *6 (D. Ariz. Nov. 6, 2008)*; Saenz v. Trans Union, LLC*, 621 F. Supp. 2d 1074, 1082 (D. Or. 2007); *Acton v. Bank One Corp.*, 293 F. Supp. 3d 1092, 1098 (D. Ariz. 2003).

The Amended Complaint fails to allege basic elements of a § 1681i claim, much less sufficient facts that would allow the court to draw the reasonable inference that CRA Defendants are liable for the misconduct alleged. As an initial matter, Plaintiffs grouped together all CRA Defendants, making it unclear what specific actions each CRA Defendant did that violated § 1681i. Further, to the extent Plaintiffs base their claim on the assertion that CRA Defendants have a "policy of not retroactively correcting the credit record of a creditor even if requested to do so by the reporting creditor," Plaintiffs fail to allege (1) whether AMEX requested any particular CRA Defendant to correct any information with respect to Plaintiffs, (2) what that CRA Defendant's response was, and (3) when such events occurred. And to the extent that Plaintiffs base their claim on CRA Defendants "failing to respond to certified mail return receipt requested correspondence regarding the subject matter of this complaint," the Amended Complaint fails to allege (1) when the Plaintiffs sent the alleged correspondence,

8

(2) to which CRA Defendants it was sent, (3) what the correspondence requested, (4) whether CRA Defendants responded, (5) whether CRA Defendants investigated Plaintiffs' complaint, and (6) what any investigation revealed. Without these basic allegations explaining the basis of this claim, the court is unable to draw the reasonable inference that CRA Defendants are liable for any particular misconduct.

In opposition, Plaintiffs assert that they "are not required to present their case in the [Amended Complaint] but to merely put the Defendant on notice as to what the case entails." Doc. No. 33, Pls.' Opp'n at 7. Plaintiffs misunderstand their obligations -- Plaintiffs must set forth sufficient facts to assert a plausible claim for relief, *see Iqbal*, 556 U.S. at 678, and as explained above, they have failed to do so. Stated differently, regardless of whether a CRA Defendant can guess as to the basis of Plaintiffs' claims, Plaintiffs must still describe their claims in sufficient detail to give both CRA Defendants and the court notice of this basis.

Although not entirely clear, Plaintiffs also appear to argue that they need not name the credit reporting agencies as Defendants and/or include factual allegations about them because they have included CRA Defendants in this action to ensure that Plaintiffs will be afforded full relief by having their credit reports fixed. *See* Doc. No. 33, Pls.' Opp'n at 2 (arguing that "it is clear from the Law at hand that the Congress placed the burden of keeping information accurate first on

the profit making reporting agencies"). The court rejects this argument. Plaintiffs must still assert a *claim* against these Defendants for them to remain in this action.

The court therefore GRANTS Experian's Motion to Dismiss and Trans Union's Substantive Joinder, with leave to amend.[1] That is, because Plaintiffs are proceeding *pro se*, the court will grant Plaintiffs leave to amend to attempt to cure deficiencies in their Amended Complaint.

Accordingly, the court DISMISSES Plaintiffs' FCRA claim against CRA Defendants with leave to amend.

## V. **CONCLUSION**

For the foregoing reasons, the court GRANTS the Motion to Dismiss and Substantive Joinder, and DISMISSES the Amended Complaint as to all CRA Defendants. Because AMEX has recently filed its own Motion to Dismiss, the court will set a deadline for Plaintiffs to file a second amended complaint after it rules on AMEX's Motion.

---

[1] Although Equifax has not appeared, Experian's and Trans Union's arguments apply equally to Equifax such that the court *sua sponte* dismisses the claims against Equifax for the same reasons set forth by Experian and Trans Union. *See Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742-43 (9th Cir. 2008) (upholding dismissal in favor of a party which had not appeared, on the basis of facts presented by other defendants which had moved to dismiss) (citations omitted).

If Plaintiffs elect to file an second amended complaint, it must contain short, plain statements explaining how CRA Defendants violated the FCRA in light of the court's discussion above. The second amended complaint must designate that it is the "Second Amended Complaint," and must be retyped or rewritten in its entirety -- it may not incorporate any part of the original Complaint or First Amended Complaint by reference. *Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir. 1992).

IT IS SO ORDERED.
DATED: Honolulu, Hawaii, June 16, 2014.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Katz et al. v. Am. Express Co. et al.*, Civ. No. 14-00084 JMS-RLP, Order (1) Granting Experian Information Solutions, Inc.'s Motion to Dismiss Amended Complaint (Filed March 19, 2014), Doc. No. 9; and (2) Granting Trans Union LLC's Substantive Joinder, Doc. No. 21